UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPENCER L. BRIGGS,

                Plaintiff,

v.                                          Case No.  3:23-cv-1070-BJD-MCR

JERRY VALENTE,

                Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Spencer L. Briggs, a pretrial detainee housed at the Columbia County Detention Facility, is proceeding *pro se* on a complaint for the violation of civil rights (Doc. 1; Compl.), supported by numerous notices (Docs. 4-6). He moves to proceed *in forma pauperis* (Doc. 2). Plaintiff alleges Dr. Jerry Valente violated his confidentiality under HIPAA, falsified a psychological report, violated his right to due process, and engaged in medical malpractice or negligence. *See* Compl. at 3. In explanation, Plaintiff says Dr. Valente conducted a competency evaluation of him in connection with his criminal proceeding but violated HIPAA by conducting the interview in front of other inmates and negligently interviewed him for only two minutes and then "lied

on absolutely everything on the report."[1] *Id.* at 5. *See also* Doc. 1-1 at 2-3; Doc. 4 at 1. As relief, he seeks compensatory damages and an "adequate mental evaluation without lies and malpractice." *See* Compl. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under

---

[1] According to a forensic evaluation Plaintiff offers in support of his complaint, Plaintiff's former defense attorney asked Dr. Valente to conduct a competency evaluation. *See* Doc. 4 at 1.

some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to state a plausible claim for relief. *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Plaintiff's complaint is subject to dismissal because the sole-named Defendant is a private doctor, not a state actor under § 1983.

However, even if Dr. Valente were a state actor, Plaintiff's claims still fail. Accepting as true that Dr. Valente interviewed Plaintiff in front of other inmates potentially in violation of HIPAA, "there is no private right of action for a violation of HIPAA's confidentiality provisions." *Bradley v. Pfizer, Inc.*,

3

440 F. App'x 805, 809 (11th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)).[2] Additionally, accepting that Dr. Valente conducted a cursory or "inadequate" competency evaluation or "lied" in his report, such conduct does not amount to a constitution violation. A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983 as an Eighth Amendment violation.[3] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 405-06. *See also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received … medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

[3] As a pretrial detainee, Plaintiff's claims technically arise under the Fourteenth Amendment's due process clause. *See Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009). "[U]nder the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'" *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 845 (2022). However, courts confronted with an allegation that a state official was deliberately to a pretrial detainee's serious medical needs analyze the claim under the Eighth Amendment standard. *See Mann*, 588 F.3d at 1306.

judgments and to constitutionalize claims that sound in tort law." (alteration in original)).

Any concerns Plaintiff has about his criminal case, including his competency, should be raised through an appropriate motion in the state court.[4] To the extent Plaintiff is asking this Court to interfere with his ongoing state court criminal proceeding, the Court declines to do so. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). If Plaintiff is convicted, he may raise any perceived constitutional violations by filing proper, timely post-conviction motions or actions in the appropriate forum.

Accordingly, it is

**ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[4] According to the state-court docket, Plaintiff is proceedings *pro se*. *See* Clerk of the Circuit Court and County Comptroller, Columbia County, Florida, available at https://columbiaclerk.com/official-record-search/ (last visited Oct. 30, 2023). In his complaint before this Court, Plaintiff contends he fired his defense lawyer because she disagreed with his assessment that the competency evaluation was inadequate. *See* Compl. at 7. *See also* Doc. 1-1 at 5, 9.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of

October 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Spencer L. Briggs

6